# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

JOHN DOES 1, 2, 4, 5, 6 & 8;  MICHAEL
ROBINSON;  and MAURICE COLLINS                                   PLAINTIFFS

v.                                    No. 3:23-cv-230-DPM

EMMETT A. PRESLEY, *et al.*                                      DEFENDANTS

JOHN DOES 9–12 & 14–16;  and
NATHAN HARMON                                                    PLAINTIFFS

v.                                    No. 3:24-cv-3-DPM

EMMETT A. PRESLEY, *et al.*                                      DEFENDANTS

JOHN DOES 19–30                                                  PLAINTIFFS

v.                                    No. 3:24-cv-12-DPM

EMMETT A. PRESLEY, *et al.*                                      DEFENDANTS

JOHN DOES 101–107;  and
JANE DOES 101–107                                                PLAINTIFFS

v.                                    No. 3:24-cv-14-DPM

EMMETT A. PRESLEY, *et al.*                                      DEFENDANTS

JOHN DOES 108–113;
JANE DOE 109;  and JAMI WELLS                                    PLAINTIFFS

v.                                    No. 3:24-cv-13-DPM

EMMETT A. PRESLEY, *et al.*                                      DEFENDANTS

## ORDER

Can the Arkansas General Assembly revive time-barred claims? For almost 180 years, the Arkansas Supreme Court has answered no. *Couch v. McKee*, 6 Ark. 484 (1846). At issue here is whether a new law—the Justice for Vulnerable Victims of Sexual Abuse Act—"revive[s]" time-barred civil actions for alleged victims of childhood sexual abuse. Ark. Code Ann. § 16-118-118(b)(2). Because this law is new, Arkansas's highest Court has not yet spoken on it. This Court's *Erie*-educated prediction is that the Arkansas Supreme Court would hold that this statute violates Arkansas's Constitution. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010).

\*

The plaintiffs here are former residents of The Lord's Ranch—a now-defunct residential childcare facility in Warm Springs, Arkansas. They allege childhood sexual abuse at that facility from 1987 to 2010. Between November 2023 and January 2024, they filed five separate lawsuits against their alleged abusers plus other individuals and entities associated with The Lord's Ranch. Their state and federal claims were nearly identical. One issue—timeliness—loomed large from the complaint.

At the parties' request, the Court consolidated their cases and directed the plaintiffs to file a consolidated complaint to simplify pretrial matters. *Doc. 44*. The plaintiffs addressed limitations, only

pleading revival under the new Act. *Doc. 72 at 22*. They did not allege tolling, plead facts about a delayed discovery of injury, or rely on Arkansas's delayed-discovery statute, Ark. Code Ann. § 16-56-130. In due course, and as expected, the defendants moved to dismiss the consolidated complaint based on the state and federal limitations periods. *Doc. 59 & 62*. The state law claims, they argued, were not timely under the new Act because that statute violated the Arkansas Constitution. The defendants, and the Court, certified this constitutional challenge to the Arkansas Attorney General. *Doc. 88*; Fed. R. Civ. P. 5.1. He did not intervene.

The Court heard argument on the timeliness issues (and others) in August 2024. After the hearing, the Court converted the motions to dismiss into motions for summary judgment, directed some targeted, limitations-related discovery, scheduled supplemental briefing, and granted the plaintiffs' oral motion to nonsuit their federal claims. *Doc. 94 & 117*. The question presented on summary judgment is whether the state law claims are timely under the new revival statute. Arkansas law controls. *Settle v. Fluker*, 978 F.2d 1063, 1064 (8th Cir. 1992).

\*

Before 2021, Arkansas's statute of limitations for civil actions based on childhood sexual abuse "was three years after the victim turned eighteen." *H.C. v. Nesmith*, 2025 Ark. App. 59, at 2 (2025); Ark. Code Ann. § 16-56-116. So claims brought after the victim's twenty-

first birthday were time-barred.  *Linder ex rel. Linder v. Howard*, 296 Ark. 414, 415, 757 S.W.2d 549, 549 (1988).  This limitations period applied at the time of the plaintiffs' alleged abuse.

In 2021, the Arkansas General Assembly amended the limitations period with Act 1036—the Justice for Vulnerable Victims of Sexual Abuse Act.  Act of 29 April 2021, No. 1036, 2021 Ark. Acts 5122 (codified as amended at Ark. Code Ann. § 16-118-118).  Act 1036 gave "vulnerable victims"—minors and disabled persons—more time to sue their sexual abusers, and anyone else "whose tortious conduct caused the" abuse.  Ark. Code. Ann. § 16-118-118(a)(6) & (b)(1).  It did so both prospectively and—here's the issue—retroactively.

The prospective piece applied to child victims who were younger than twenty-one on the Act's July 2021 effective date.  It enlarged (and by later amendment,[*] eliminated) the limitations period for these victims' claims.  § 16-118-118(b)(1).  Under settled Arkansas law, the General Assembly was free to adjust that period because these claims had not yet expired.  *Morton v. Tullgren*, 263 Ark. 69, 72, 563 S.W.2d 422, 424 (1978);  *Dye v. State*, 82 Ark. App. 189, 192, 119 S.W.3d 513, 515 (2003).  The defendants conceded this point at the August 2024 hearing. *Doc. 107 at 8.*

_____

[*] Act of 11 April 2023, No. 616, 2023 Ark. Acts 3293.

The retroactive piece applied to child victims who had turned twenty-one before the Act's effective date. It "revived" any claim "that was barred or dismissed due to a statute of limitation," and it created a two-year revival window in which victims could press their claims. § 16-118-118(b)(2). Settled Arkansas law establishes that this was a step too far.

According to the Arkansas Supreme Court, the General Assembly "only has the power to amend statutes of limitation affecting causes of action *which are not yet barred*." *Branch v. Carter*, 326 Ark. 748, 752, 933 S.W.2d 806, 808 (1996) (emphasis original). That's because a defendant has "a vested right to rely on the statute of limitations as a defense," and "subsequent legislation" cannot disturb that right. *Chunn v. D'Agostino*, 312 Ark. 141, 145, 847 S.W.2d 699, 701–02 (1993). The Arkansas Court of Appeals recently applied what it described as this "unequivocal" precedent to Act 1036. *Nesmith*, 2025 Ark. App. at 7. That Court held the Act's revival window invalid. While the Arkansas Supreme Court will of course have the final word, the Court of Appeals' careful opinion is strong medicine. *West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 236–37 (1940); *Thorn v. International Business Machines, Inc.*, 101 F.3d 70, 73–74 (8th Cir. 1996).

There are, as the plaintiffs point out, sound policy reasons for breathing new life into vulnerable victims' time-barred claims. Bryce Jefferson, *A New Wound for Old Scars: Why Act 1036 of 2021 Is*

*Unconstitutional and Why the Arkansas Retroactive-Legislation Doctrine Should Change*, 2023 ARK. L. NOTES 1, 5–8 (2023).  The States divide over whether their various constitutions allow this kind of retroactive change in limitations law.  *Roman Catholic Archbishop of Washington v. Doe*, No. 9, slip op. at 28, n.15 (Md. 3 Feb. 2025) (collecting cases).  The Arkansas Supreme Court, though, has repeatedly rejected that possibility for more than a hundred years.**  Under Arkansas law, time-barred claims are barred for all time.  And neither the parties nor the Court have identified any exceptions, however salutary, to that settled rule.  This Court predicts that the Arkansas Supreme Court, faced with the new revival Act, would follow its precedent.  It would hold that Act 1036 could not, and did not, divest the defendants of a valid limitations defense by reviving the plaintiffs' time-barred claims.  Therefore, this Court so holds.

But which plaintiffs' claims were barred?  The youngest plaintiff, John Doe 106, turned twenty-one a few months after the Act's effective date.  *Doc. 111 at 3* (Sealed Exhibit 1).  So his claims were not barred and

---

** *Rhodes v. Cannon*, 112 Ark. 6, 164 S.W. 752 (1914); *Wasson v. State ex rel. Jackson*, 187 Ark. 537, 60 S.W.2d 1020 (1933); *Johnson v. Lilly*, 308 Ark. 201, 203, 823 S.W.2d 883, 885 (1992); *Green v. Bell*, 308 Ark. 473, 478 n.1, 826 S.W.2d 226, 229 (1992); *Chunn v. D'Agostino*, 312 Ark. 141, 145, 847 S.W.2d 699, 701–02 (1993); *Branch v. Carter*, 326 Ark. 748, 752, 933 S.W.2d 806, 808 (1996); *Hall v. Summit Contractors, Inc.*, 356 Ark. 609, 614, 158 S.W.3d 185, 188 (2004); *Reeves v. State*, 374 Ark. 415, 420, 288 S.W.3d 577, 581 (2008); *Alpe v. Federal National Mortgage Association*, 2023 Ark. 58, 4, 662 S.W.3d 650, 653 (2023).

are no longer subject to a limitations period. § 16-118-118(b)(1). The plaintiffs acknowledge, moreover, that the oldest plaintiff's state law claims, John Doe 26, are untimely in any event. *Doc. 113 at 5.* The defendants are entitled to summary judgment on his claims. *Barre v. Hoffman*, 2009 Ark. 373, at 4, n.3, 326 S.W.3d 415, 418 (2009). The remaining plaintiffs turned twenty-one before the July 2021 effective date. Their claims—if the limitations period was not tolled— were also untimely. *Doc. 111 at 2–3; Nesmith*, 2025 Ark. App. at 2.

*

Tolling is the loose end. The plaintiffs raised a tolling theory for the first time at the August 2024 hearing. They contend that some, though not all, of their claims may be timely under Arkansas's delayed-discovery statute. It reads, in part:

> Notwithstanding any other statute of limitations . . . any civil action based on sexual abuse which occurred when the injured person was a minor but is not discovered until after the injured person reaches the age of majority shall be brought within three (3) years from the time of discovery of the sexual abuse by the injured party.

Ark. Code Ann. § 16-56-130(a).

After the hearing, the plaintiffs moved to amend their complaint to plead facts showing that some of their state claims may be timely under this statute. *Doc. 100 at 7.* The defendants resisted, arguing that the proposed amendments "materially change[] the entire theory of Plaintiffs['] case and the facts required to be pled." *Doc. 103 at 9.*

The Court denied that motion without prejudice and promised a ruling in due course. *Doc. 117 at 4–5.*

A limitations bar is an affirmative defense that the defendants must prove; it is not an element of a plaintiff's claim. *Ray & Sons Masonry Contractors, Inc. v. U.S. Fidelity & Guaranty Co.*, 353 Ark. 201, 218–19, 114 S.W.3d 189, 199–200 (2003). "As a general rule, a plaintiff has no duty to anticipate affirmative defenses; thus, they are not ordinarily required to plead avoidance of a limitations bar." *Miller v. Subiaco Academy*, 386 F. Supp. 2d 1025, 1030 (W.D. Ark. 2005). There's an exception: When "it is clear from the face of the complaint that the action is barred by the applicable limitations period[.]" *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (Arkansas law). In that situation, a plaintiff's failure to plead facts about possible tolling may warrant dismissal. *Ibid.*

It's clear from the face of the consolidated complaint that many of the remaining plaintiffs' state law claims are barred by Arkansas's three-year statute of limitations absent equitable tolling. *E.g., Varner*, 371 F.3d at 1016. They pleaded that they were abused between 1991 and 2009. *Doc. 72 at 38–62.* And, based on the targeted discovery, all plaintiffs' ages and approximate dates of alleged abuse are now undisputed. *Doc. 111.* Plaintiffs have recognized their need to plead facts about tolling. *Doc. 113 at 3.* As they said in seeking permission to re-plead, they believe facts exist that would bring some of them within

–8–

the delayed-discovery statute. In Rule 15(a)(2)'s words, the "court should freely give leave [to amend] when justice so requires." *See also United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009).

From the defendants' perspective, an amended pleading is needed to provide adequate notice about which plaintiffs seek tolling and why. Plus, as the defendants say, they have arguments to make about which parties can be sued if the delayed-discovery statute is invoked, whether that statute is constitutional, and whether the new revival Act repealed it by implication. *Doc. 115 at 2–3.* It's true, of course, as defendants also say, that this case was founded on the revival Act, not the delayed-discovery statute. But tolling principles are inherent in Arkansas's limitations doctrine; they're part of the governing law. *Hutcherson v. Rutledge*, 2017 Ark. 359, at 4–5, 533 S.W.3d 77, 79–80.

Carving out John Doe 106 and John Doe 26, the plaintiffs are entitled to the opportunity to plead why, and to prove if they can, that their facially untimely claims, which were not revived by Act 1036, given that statute's constitutional defect, are timely nonetheless.

*

As to John Doe 106, the motions for summary judgment are denied. As to John Doe 26, those motions are granted. As to all other plaintiffs, the motions are granted as modified: Ark. Code Ann.

–9–

§ 16-118-118(b)(2) violates the Arkansas Constitution;  this statute therefore does not revive any claims;  but the Court grants plaintiffs leave to file a consolidated amended complaint by 18 April 2025 that alleges tolling insofar as the facts support it for particular plaintiffs.

As the Court has already decided, any amended complaint will, in the procedural circumstances presented, deprive this Court of subject matter jurisdiction over the three non-diverse member cases.*** *Doc. 117 at 4.* In that instance, dismissal of the remaining non-diverse plaintiffs' claims would be without prejudice. *Kahn v. Kahn*, 21 F.3d 859, 862 (8th Cir. 1994).  Unless the defendants waive their right to an amended pleading, preferring instead to keep all of the dispute moving forward to a judgment on the merits here after more discovery, the Court will enter a separate Judgment in each case as specified in this Order. *Hall v. Hall*, 584 U.S. 59, 71–72 (2018).

\*    \*    \*

Motions, *Doc. 59 & 62*, partly granted and partly denied, all as specified, and with leave to amend.  Amended complaint, or notice waiving any amended complaint, due by 18 April 2025.  The Court will withhold Judgment in the meantime.

---

*** No. 3:24-cv-12-DPM, No. 3:24-cv-13-DPM, & No. 3:24-cv-14-DPM.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

17 March 2025